■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VOSE D. SHATTUCK, Appellant. [626 NYS2d 602] —Judgment unanimously affirmed. Memorandum: The sentencing court did not abuse its discretion in sentencing defendant upon his conviction for violation of probation without requiring an updated presentence investigation report. Defendant did not request that the initial report prepared some six months before be updated, and the court was fully familiar with changes in defendant's status since the preparation of that report (see, People v Schalk, 198 AD2d 915, lv denied 82 NY2d 930; People v Wilkinson, 197 AD2d 872, lv denied 82 NY2d 854). Further, the failure to give defendant a written copy of the conditions of probation does not require reversal of his conviction for violating probation. Before defendant was released from incarceration, his probation officer gave him a written copy of the conditions and orally discussed each of the conditions with him. Thus, defendant was aware of the condition that he violated (see, People v Davey, 193 AD2d 1108). The determination that defendant violated probation is supported

by the evidence, and the court did not abuse its discretion in imposing the seven-month term of imprisonment. (Appeal from Judgment of Jefferson County Court, Clary, J.—Violation of Probation.) Present—Denman, P. J., Green, Wesley, Doerr and Balio, JJ.