■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN A. HEMINGWAY, Appellant. [635 NYS2d 853] —Judgment

unanimously affirmed. Memorandum: The sentencing court did not abuse its discretion in resentencing defendant upon his conviction for a violation of probation without requiring an updated presentence investigation report. The declaration of delinquency and reports submitted by his probation officer concerning the activities of defendant after his admission that he violated probation and prior to resentencing constituted the functional equivalent of an updated report *(see, People v Sanchez,* 143 AD2d 377, 378, *lv denied* 73 NY2d 790; *cf., People v Gilyard,* 161 AD2d 464). Further, defendant declined the opportunity afforded him at sentencing to make a statement *(see, People v Greene,* 209 AD2d 541, 542, *lv denied* 85 NY2d 909). In addition, he did not request that the presentence report prepared six months earlier be updated, and County Court was familiar with changes in defendant's status since the preparation of that report *(see, People v Reaves,* 216 AD2d 945, *lv denied* 86 NY2d 801; *People v Shattuck,* 214 AD2d 1026, *lv denied* 86 NY2d 740).

Defendant has failed to show that the sentencing court abused its discretion in imposing a term of imprisonment or that extraordinary circumstances exist warranting a reduction of that sentence *(see, People v Reaves, supra).* (Appeal from Judgment of Onondaga County Court, Burke, J.—Violation of Probation.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.