■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FASANO, Appellant. [636 NYS2d 692] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Onondaga County Court, McCarthy, J.—Robbery, 2nd Degree.) Present—Green, J. P., Fallon, Callahan, Doerr and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER C. SKINNER, Appellant. [635 NYS2d 896] —Judgment unanimously affirmed. Memorandum: Following the admission by defendant that he violated three conditions of his probation, County Court revoked defendant's probation and imposed a sentence of 1²/₃ to 5 years' imprisonment without first ordering an updated presentence investigation report. Although CPL 390.20 (1) requires a presentence investigation report when a sentence is imposed upon a felony conviction, where, as here, the court is fully familiar with any changes in defendant's status, conduct or condition since the original report was prepared, an updated report is not required *(see, People v Hemingway,* 222 AD2d 1102 [decided herewith]; *People v Reaves,* 216 AD2d 945, *lv denied* 86 NY2d 801; *People v Shattuck,* 214 AD2d 1026, *lv denied* 86 NY2d 740; *People v Brand,* 138 AD2d 966, 967, *lv denied* 71 NY2d 966). We find no abuse of discretion in the court's determination not to order an updated presentence investigation report *(see, People v Kuey,* 83 NY2d 278).

Lastly, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, Drury, J.—Violation of Probation.) Present—Green, J. P., Fallon, Callahan, Doerr and Davis, JJ.