■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER NICHOLSON, Appellant. [654 NYS2d 906] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for resentencing in accordance with the following Memorandum: On November 20, 1995, Supreme Court sentenced defendant to a five-year term of probation on his conviction of felony driving while intoxi-

cated. At sentencing, the court announced its per se rule that, if it found that defendant violated the terms of probation in any respect, it would sentence him to the maximum term of imprisonment on the underlying charge. On June 20, 1996, the court found that defendant violated probation and sentenced him to the maximum term of imprisonment in accordance with its per se rule. "The determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence" (*People v Farrar*, 52 NY2d 302, 305). The imposition of a sentence pursuant to an inflexible per se rule without exercising discretion after due consideration of the appropriate factors is improper (*see, People v Thiessen*, 76 NY2d 816; *see also, United States v Thompson*, 483 F2d 527, 529; *cf., People v Compton*, 157 AD2d 903, *lv denied* 75 NY2d 918; *People v Glendenning*, 127 Misc 2d 880).

Defendant's waiver of appeal did not encompass the right to challenge the legality of the sentencing procedure on appeal (*see, People v Seaberg*, 74 NY2d 1, 9; *People v Pabon*, 224 AD2d 721; *People v Fisnar*, 212 AD2d 628, *lv denied* 85 NY2d 972). Thus, we modify the judgment by vacating the sentence, and we remit the matter for resentencing. (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Violation of Probation.) Present—Denman, P. J., Green, Doerr, Balio and Fallon, JJ.