■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WRIGHT, Appellant. [659 NYS2d 619] —Judgment unanimously affirmed. Memorandum: Supreme Court erred in finding that defendant violated probation by failing to make restitution and perform community service. There is no evidence that defendant refused to perform either condition of probation. The probation order contains no schedule for the payment of restitution, but merely says that restitution is to be fully paid "when paid". At the hearing, which was conducted less than three months after defendant was sentenced, a representative of the State Insurance Fund testified that he expected to receive full payment of restitution the following day, which was sooner than he had expected. With respect to community service, the evidence establishes that the Probation Department placed defendant's community service obligation "on hold" because defendant was suffering seizures.

Nevertheless, the court's determination that defendant violated probation by refusing to participate in an outpatient alcohol treatment program and by failing to continue working is supported by a preponderance of the evidence (see, CPL 410.70 [3]). Thus, defendant's probation was properly revoked.

The court did not err in sentencing defendant without the benefit of an updated presentence investigation report. Less than three months had elapsed since defendant's initial sentencing, and the court was " 'fully familiar with any changes in defendant's status, conduct or condition since the original report was prepared' " (People v Sinclair, 231 AD2d 926, quoting People v Schalk, 198 AD2d 915, lv denied 82 NY2d 930; see also, People v Hemingway, 222 AD2d 1102, lv denied 87 NY2d 1020; People v Skinner, 222 AD2d 1108, lv denied 88 NY2d 885).

The court did not abuse its discretion in resentencing defendant to the maximum indeterminate term of imprisonment. The record does not support the contention that defendant was resentenced pursuant to an inflexible per se rule announced by the court at the time of the initial sentencing (cf., People v Nicholson, 237 AD2d 973). We conclude that the sentence is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Violation of Probation.) Present—Lawton, J. P., Callahan, Doerr, Balio and Boehm, JJ.