THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL JACKSON, Appellant. [667 NYS2d 570] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: County Court abused its discretion in sentencing defendant to an additional 6½ to 13 years in prison because he failed to appear for sentencing after pleading guilty to criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [2]) and two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]). When it accepted the plea and released defendant from custody pending sentencing, the court informed defendant that it would impose a term of incarceration of 12½ to 25 years if defendant did not return, and it does not appear that the court gave due consideration to the appropriate

sentencing factors when it fulfilled that commitment (*see, People v Nicholson,* 237 AD2d 973, *lv denied* 90 NY2d 908). The additional prison time based upon defendant's failure to appear exceeds the sentence for bail jumping in the first degree (Penal Law § 215.57). In our view, the sentence of 12½ to 25 years imposed upon the conviction of two counts of criminal possession of a controlled substance in the third degree is unduly harsh. We exercise our discretion in the interest of justice to reduce the sentence on those counts to concurrent indeterminate terms of incarceration of 7 to 14 years. We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Oneida County Court, Buckley, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Hayes, Wisner, Callahan and Boehm, JJ.