■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD L. HOWARD, Appellant. [678 NYS2d 550] —Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for our review his argument that County Court erred in failing to order an updated presentence report before sentencing him following a revocation of probation (*see, People v Moon*, 225 AD2d 826, 827-828, *lv denied* 88 NY2d 939; *People v Schneider*, 188 AD2d 754, 757, *lv denied* 81 NY2d 892). In any event, the argument is without merit. The court was "fully familiar with any changes in defendant's status, conduct or condition" since the original sentencing (*People v Reaves*, 216 AD2d 945, *lv denied* 86 NY2d 801; *see also, People v Hemingway*, 222 AD2d 1102, 1103, *lv denied* 87 NY2d 1020; *People v Skinner*, 222 AD2d 1108, *lv denied* 88 NY2d 885). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Monroe County Court, Marks, J.—Violation of Probation.) Present—Green, J. P., Lawton, Hayes, Pigott, Jr., and Callahan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERN R. WATSON, Appellant. [678 NYS2d 428] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's motion to suppress evidence seized from a crawl space located adjacent to the master bedroom closet of defendant's residence. The only entrance to that crawl space was in a wall of the closet. Defendant contends that the search of the crawl space was beyond the scope of the search warrant issued by the Village Justice. We disagree. The search warrant authorized the police to search the master bedroom, which included the master bedroom closet as well as the adjacent crawl space (*see, United States v Ross*, 456 US 798, 820-821; *People v Powers*, 173 AD2d 886, 888, *lv denied* 78 NY2d 1079). (Appeal from Judgment of Oswego County Court, Brandt, J.—Criminal Possession Marihuana, 1st Degree.) Present—Green, J. P., Lawton, Hayes, Pigott, Jr., and Callahan, JJ.