■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SOMERS, Appellant. [720 NYS2d 683] —Judgment unanimously affirmed. Memorandum: County Court did not err in sentencing defendant upon his conviction of violation of probation without requiring or considering an updated presentence investigation report. Although a court should review an updated presentence report before resentencing defendant on a violation of probation (*see,* CPL 390.20 [1]; *People v Simpson,* 179 AD2d 831), documents that inform the court of all relevant changes in defendant's status may substitute as the "functional equivalent" of a presentence report (*People v Hemingway,* 222 AD2d 1102, 1103, *lv denied* 87 NY2d 1020; *see, People v Gilyard,* 161 AD2d 464; *People v Sanchez,* 143 AD2d 377, 378, *lv denied* 73 NY2d 790). The declaration of delinquency and violation of probation report prepared by defendant's probation officer, as well as the letter from Vera House advising the court that defendant had been permanently dismissed from the program, constituted the functional equivalent of an updated report (*see, People v Hemingway, supra,* at 1103). "Although CPL 390.20 (1) requires a presentence investigation report when a sentence is imposed upon a felony conviction, where, as here, the court is fully familiar with any changes in defendant's status, conduct or condition since the original report was prepared, an updated report is not required" (*People v Reaves,* 216 AD2d 945, *lv denied* 86 NY2d 801; *see, People v Perry [Charles],* 278 AD2d 933). Moreover, defendant did not request an updated report (*see, People v Perry, supra; People v Shattuck,* 214 AD2d 1026, *lv denied* 86 NY2d 740). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Fahey, J.—Violation of Probation.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Burns and Lawton, JJ.