■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER KLINKOWSKI, Appellant. [723 NYS2d 777] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Onondaga County Court for resentencing in accordance with the following Memorandum: Contrary to the contention of defendant, the evidence is legally sufficient to support the determination that he violated the conditions of his probation by contacting the victim in December 1998 and January 1999. The credibility of the victim was an issue for County Court to resolve (*see, People v Mitchell*, 201 AD2d 507, 508). The court erred, however, in sentencing defendant to

prison without the benefit of an updated presentence investigation report covering the 56 months during which defendant was on probation (*see*, CPL 390.20 [1]). Although defendant did not request an updated report, we conclude that, without one, the court did not have the information required to perform its sentencing function (*cf., People v Perry*, 278 AD2d 933). We therefore modify the judgment by vacating the sentence, and we remit the matter to Onondaga County Court for resentencing after preparation and review of an updated presentence investigation report. The contention of defendant that the court erred in failing to provide him with a copy of the conditions of probation at the time of his sentencing in 1994 is not properly before us (*see, People v McMillan*, 228 AD2d 166, *lv denied* 88 NY2d 1070; *People v Lugo*, 176 AD2d 177, 178). (Appeal from Judgment of Onondaga County Court, Fahey, J.—Violation of Probation.) Present—Green, J. P., Wisner, Hurlbutt and Burns, JJ.