■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES A. ORLOWSKI, Appellant. [739 NYS2d 304] —Appeal from a judgment of Onondaga County Court (Merrill, J.), entered September 25, 2000, convicting defendant of a violation of probation.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: County Court did not err in sentencing defendant upon his conviction of a violation of probation without obtaining an updated presentence investigation report. The court had before it a letter from the Probation Department supervisor dated six months before the violation stating, inter alia, that defendant would be violated upon any further misconduct. In addition, the court had before it the declaration of delinquency and information that defendant had been arrested on Federal charges arising from a search pursuant to a warrant resulting in the seizure of marihuana, assault rifles and a grenade launcher. The documents and information before the court "constituted the functional equivalent of an updated report" and thus an updated report was not required (*People v Somers,* 280 AD2d 925, 925, *lv denied* 96 NY2d 806; *see, People v Perry,* 278 AD2d 933, *lv denied* 96 NY2d 866; *cf., People v*

*Klinkowski,* 281 AD2d 972, 972-973, *lv denied* 96 NY2d 831). Moreover, we note that defendant did not request an updated report (*see, People v Somers, supra* at 925; *People v Perry, supra* at 933).

The sentence is neither unduly harsh nor severe. Present—Pine, J.P., Wisner, Scudder, Burns and Gorski, JJ.