■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FAIRMAN, Appellant. (Appeal No. 1.) [832 NYS2d 703]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered September 20, 2004. The judgment

convicted defendant, upon his plea of guilty, of sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [1]), arising from his forcible sexual contact with a 14-year-old girl, and sentencing him to a 10-year term of probation. In appeal No. 2, defendant appeals from a judgment revoking the sentence of probation upon his admission to violating the conditions of probation and sentencing him to a term of imprisonment. Although the contention of defendant in each appeal that his guilty plea and admission were not voluntarily entered survives his valid waivers of the right to appeal, defendant failed to preserve those contentions for our review (*see People v Peterson*, 35 AD3d 1195, 1196 [2006]; *People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]). Neither the plea nor the admission falls within the rare exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]). To the extent that defendant's contentions with respect to ineffective assistance of counsel in each appeal survive the guilty plea and admission and the valid waivers of the right to appeal, we conclude that defendant failed to preserve his contentions for our review because he did not move to withdraw the plea or admission or to vacate the judgments of conviction based on the alleged denial of effective assistance of counsel (*see People v White*, 37 AD3d 1112 [2007]; *People v Thompson*, 4 AD3d 785 [2004], *lv denied* 2 NY3d 808 [2004]). In any event, we conclude that defendant's contentions lack merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]).

Contrary to the contention of defendant in appeal No. 2, County Court did not err in sentencing him without obtaining an updated presentence report. The first and second declarations of delinquency relating to defendant's two violations of probation "constituted the functional equivalent of an updated [presentence] report" (*People v Orlowski*, 292 AD2d 819, 819 [2002], *lv denied* 98 NY2d 653 [2002]; *see People v Somers*, 280 AD2d 925 [2001], *lv denied* 96 NY2d 806 [2001]; *see also People v Perry*, 278 AD2d 933 [2000], *lv denied* 96 NY2d 866 [2001]). Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Smith, Lunn, Fahey and Peradotto, JJ.