■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK N. BARRA, Appellant. [844 NYS2d 795]—Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered January 9, 2006. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant was convicted upon his plea of guilty of driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]) and was sentenced to a term of probation. He subsequently admitted that he violated a condition of probation and now appeals from a judgment revoking his sentence of probation and imposing a sentence of imprisonment. Defendant failed to preserve for our review his contention that the admission was not voluntary inasmuch as he failed

to move to withdraw his admission to the violation of probation or to vacate the judgment revoking his sentence of probation on that ground (*see People v Fontanez*, 19 AD3d 1070, 1070-1071 [2005], *lv denied* 5 NY3d 788 [2005]), and this case does not fall within the narrow exception to the preservation doctrine (*see generally People v Lopez*, 71 NY2d 662, 666 [1988]; *see Fontanez*, 19 AD3d at 1071). To the extent that the contention of defendant that he was denied effective assistance of counsel survives his admission, we conclude that defendant failed to preserve his contention for our review (*see People v Fairman*, 38 AD3d 1346 [2007], *lv denied* 9 NY3d 865 [2007]). In any event, defendant's contention lacks merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Smith, Fahey and Pine, JJ.