■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAD L. SPRINGSTEAD, Appellant. (Appeal No. 1.) [871 NYS2d 561]—

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the third degree (Penal Law § 140.20) and petit larceny (§ 155.25). At the time of that conviction, defendant was on probation for a previous conviction of two counts of burglary in the third degree. In appeal No. 2, defendant appeals from a judgment revoking the sentence of probation imposed upon the conviction of two counts of burglary in the third degree and sentencing him to a term of imprisonment, to run consecutively to the sentence imposed in appeal No. 1. During the plea colloquy with respect to appeal No. 1 and the admission by defendant to the violation of probation with respect to appeal No. 2, County Court asked defendant whether he understood that he was "waiving [his] right to appeal," and defendant responded, "[y]es, I am." We agree with defendant in each appeal that his waiver of the right to appeal is invalid inasmuch as the court failed to " 'engage[ ] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Brown,* 296 AD2d 860 [2002], *lv denied* 98 NY2d 767 [2002]; *see People v Waggoner,* 53 AD3d 1143, 1144 [2008]). Thus, defendant's challenges to the severity of the sentence in each appeal are not encompassed by the in-

valid waiver of the right to appeal. Nevertheless, we conclude that the sentences are not unduly harsh or severe. Defendant failed to preserve for our review his contentions in appeal Nos. 1 and 2, respectively, that the plea was not knowingly, voluntarily and intelligently entered (*see People v Johnson*, 52 AD3d 1286 [2008], *lv denied* 11 NY3d 738 [2008]; *People v Aguayo*, 37 AD3d 1081 [2007], *lv denied* 8 NY3d 981 [2007]), and that his admission to the violation of probation was not knowingly, voluntarily and intelligently entered (*see People v Barra*, 45 AD3d 1393 [2007], *lv denied* 10 NY3d 761 [2008]). The contention of defendant in each appeal does not fall within the rare exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]). Present—Scudder, P.J., Martoche, Smith, Peradotto and Pine, JJ.