THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL JOHNSON, Appellant. [907 NYS2d 899]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered December 7, 2007. The judgment revoked defendant's sentence of probation and imposed a sentence of incarceration.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of rape in the third degree (Penal Law § 130.25 [2]) and sexual abuse in the third degree (§ 130.55) and sentencing him to a term of incarceration based on his admission that he violated a condition of his probation. Defendant's contention with respect to the plea proceeding underlying the original judgment is "not properly before us inasmuch as there is no notice of appeal from the original judgment in the record before us, nor is there otherwise any indication in the record that an appeal from that judgment was perfected" (*People v Brown*, 307 AD2d 759 [2003]; *see People v Lawlor*, 49 AD3d 1270 [2008], *lv denied* 10 NY3d 936 [2008]; *People v Parente*, 4 AD3d 793 [2004]). Although defendant is correct that his waiver of the right to appeal encompassed the sentence of probation but did not encompass the sentence of incarceration imposed following his violation of probation (*see People v Cheatham*, 278 AD2d 889 [2000], *lv denied* 96 NY2d 798 [2001]; *People v Rodriguez*, 259 AD2d 1040 [1999]), we nevertheless reject his contention that the sentence of incarceration is unduly harsh or severe. We note, however, that the certificate of conviction incorrectly reflects that defendant was sentenced to a determinate term of incarceration of 60 days for his conviction of sexual abuse in the third degree, and it must therefore be amended to reflect that he was sentenced to a determinate term of incarceration of three months (*see People v Martinez*, 37 AD3d 1099, 1100 [2007], *lv denied* 8 NY3d 947 [2007]).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Peradotto, Lindley, Sconiers and Pine, JJ.