# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**831**

**KA 10-02153**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

WILLIAM F. CAREY, DEFENDANT-APPELLANT.

---

CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRIAN N. BAUERSFELD OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered October 19, 2010. The judgment revoked defendant's sentence of shock probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted upon a plea of guilty of, inter alia, driving while intoxicated as a class E felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (i)]) and was sentenced to a term of shock probation. He subsequently admitted that he violated a condition of probation and now appeals from a judgment revoking his sentence of shock probation and imposing a sentence of imprisonment. Defendant failed to preserve for our review his contention that County Court erred in failing to order an updated presentence report before sentencing him following the revocation of probation (*see People v Obbagy*, 56 AD3d 1223, *lv denied* 11 NY3d 928; *People v Pomales*, 37 AD3d 1098, *lv denied* 8 NY3d 949). In any event, that contention lacks merit. The declaration of delinquency and uniform court report " 'constituted the functional equivalent of an updated [presentence] report' " (*People v Fairman*, 38 AD3d 1346, 1347, *lv denied* 9 NY3d 865; *see People v Somers*, 280 AD2d 925, *lv denied* 96 NY2d 806). Moreover, the same judge presided over both the original proceedings and the revocation proceedings, and thus "[t]he court was 'fully familiar with any changes in defendant's status, conduct or condition' since the original sentencing" (*People v Howard*, 254 AD2d 701, *lv denied* 93 NY2d 853; *see People v Perry*, 278 AD2d 933, *lv denied* 96 NY2d 866; *cf. People v Klinkowski*, 281 AD2d 972, *lv denied* 96 NY2d 831).

Defendant further contends that the court should have permitted him to withdraw his admission to the violation of probation because

the court never informed him that the sentence of imprisonment was an agreed-upon sentence and there is no indication in the record that defense counsel informed him of the terms of the agreement.  To the extent that defendant's contention may be construed as a contention that his admission was not knowingly, voluntarily or intelligently entered, that contention is not preserved for our review and does not fall within the rare exception to the preservation requirement (*see People v Springstead*, 57 AD3d 1397, 1398, *lv denied* 12 NY3d 788; *People v Barra*, 45 AD3d 1393, 1393-1394, *lv denied* 10 NY3d 761; *see generally People v Lopez*, 71 NY2d 662, 666).  Insofar as defendant contends that defense counsel failed to inform him of the terms of the agreement, that contention is based on material outside the record and thus must be raised by way of a motion pursuant to CPL article 440 (*see People v Shorter*, 305 AD2d 1070, 1071, *lv denied* 100 NY2d 566).  Finally, the sentence is not unduly harsh or severe.

Entered:  July 1, 2011                    Patricia L. Morgan
                                          Clerk of the Court