■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DUGGER, Appellant. [932 NYS2d 752]—

Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of attempted arson in the third degree (Penal Law §§ 110.00, 150.10 [1]) and imposing a sentence of imprisonment based upon his admission that he violated the terms and conditions of his probation. Because the sentence of imprisonment for the violation of probation was imposed more than 30 days after the original sentence and defendant had not previously filed a notice of appeal from the original judgment of conviction, defendant may appeal only from the sentence of imprisonment (*see* CPL 450.30 [3]; *People v Johnson*, 77 AD3d 1441 [2010]; *see also People v Coble*, 17 AD3d 1165 [2005], *lv denied* 5 NY3d 787 [2005]). Thus, the contentions of defendant with respect to the

original judgment of conviction, i.e., that County Court erred in delegating the calculation of restitution to the Probation Department and in denying him due process by refusing to conduct a restitution hearing, are not properly before us. The sentence of imprisonment is not unduly harsh or severe. Present—Scudder, P.J., Carni, Lindley, Sconiers and Green, JJ.