# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**581**

**KA 09-00884**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

SALVATORE GIANNI, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

SALVATORE GIANNI, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered August 20, 2008. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]) and imposing a sentence of imprisonment based on his violation of the terms and conditions of his probation. In appeal No. 2, defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; 1193 [1] [c] [former (i)]) and imposing a sentence of imprisonment based on his violation of the terms and conditions of his probation.

With respect to both appeals, defendant contends in his pro se supplemental brief that County Court failed to comply with the procedures for a probation violation hearing set forth in CPL 410.70 and that he was thereby deprived of due process. Defendant failed to preserve that contention for our review (*see generally People v Randall*, 48 AD3d 1080; *People v Ebert*, 18 AD3d 963, 964; *People v Zaborowski*, 16 AD3d 1058, 1058, *lv denied* 5 NY3d 772) and, in any event, defendant's contention is without merit (*see generally Randall*, 48 AD3d 1080; *Ebert*, 18 AD3d at 964). To the extent that defendant contends he was denied effective assistance of counsel because defense

counsel failed to advise him of his rights relative to the probation revocation hearing, that contention involves matters outside the record on appeal and must be raised by way of a motion pursuant to CPL article 440 (*see People v Johnson*, 81 AD3d 1428, 1428, *lv denied* 16 NY3d 896; *People v Balenger*, 70 AD3d 1318, 1318, *lv denied* 14 NY3d 885). With respect to the remaining instances of alleged ineffective assistance of counsel, we conclude based on the record before us that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147; *People v Haas*, 245 AD2d 825, 826).

Defendant failed to preserve for our review the further contention in his pro se supplemental brief that the court "erred in failing to order an updated presentence report before sentencing him following the revocation of probation" (*People v Carey*, 86 AD3d 925, 925, *lv denied* 17 NY3d 814). In any event, that contention is without merit inasmuch as the declarations of delinquency, the violation of probation reports and the testimony and documentary evidence produced at the revocation hearing "constituted the functional equivalent of an updated [presentence] report" (*id.* at 925 [internal quotation marks omitted]; *see People v Fairman*, 38 AD3d 1346, 1347, *lv denied* 9 NY3d 865; *People v Bennett*, 269 AD2d 401, *lv denied* 94 NY2d 916). Further, inasmuch as the same judge presided over both the original proceedings and the revocation proceedings, "[t]he court was fully familiar with any changes in defendant's status, conduct or condition since the original sentencing" (*Carey*, 86 AD3d at 925 [internal quotation marks omitted]; *see also People v Pomales*, 37 AD3d 1098, 1098-1099, *lv denied* 8 NY3d 949).

Contrary to the contention of defendant in his main and pro se supplemental briefs, the sentence is not unduly harsh or severe, particularly in light of defendant's history of unsuccessful probation attempts, his lengthy criminal record and his failure to control his alcohol consumption, despite many treatment referrals and three alcohol-related convictions (*see e.g. People v Hunter*, 62 AD3d 1207, 1208; *People v Smith*, 301 AD2d 744, 745). Further, "[g]iven the fact that defendant was initially allowed to plead to . . . reduced charge[s] and failed to abide by the favorable conditions of the plea, and taking into consideration his criminal behavior in violating his probation, we [discern] no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice" (*People v Feliciano*, 54 AD3d 1131, 1132-1133; *see People v Gurrola*, 43 AD3d 1230, 1231; *People v Grignon*, 186 AD2d 296, *lv denied* 81 NY2d 789).

Entered: April 20, 2012
Frances E. Cafarell
Clerk of the Court