# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1101**

**KA 09-01630**

PRESENT: FAHEY, J.P., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

STANLEY STACHNIK, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF
COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D.
Walsh, J.), rendered April 28, 2009. The judgment revoked defendant's
sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment
revoking the sentence of probation previously imposed upon his 2007
conviction of grand larceny in the third degree (Penal Law former §
155.35) and sentencing him to an indeterminate term of imprisonment.
In appeal No. 2, defendant appeals from a 2009 judgment convicting him
upon his plea of guilty of grand larceny in the third degree (*id.*)
and sentencing him to an indeterminate term of imprisonment that was
to run concurrently with the sentence imposed in appeal No. 1. County
Court also ordered that defendant pay restitution.

Defendant contends in appeal No. 1 that he was denied effective
assistance of counsel with regard to his admission to a violation of
probation. Specifically, defendant contends that defense counsel was
ineffective because he initially permitted defendant to agree to an
illegal sentence and because, despite the court's vacatur of the
illegal sentence the next day, he did not inform defendant that
defendant ultimately agreed to accept the maximum permissible term of
imprisonment. To the extent that it survives his admission (*see
People v Allick*, 72 AD3d 1615, 1616), we reject defendant's
contention. Inasmuch as the court vacated the illegal sentence,
defendant failed to establish that he was prejudiced by the initial
imposition of that sentence (*see generally People v Ennis*, 11 NY3d
403, 412, *cert denied* ___ US ___, 129 S Ct 2383; *People v Lott*, 55
AD3d 1274, 1275, *lv denied* 11 NY3d 898, *reconsideration denied* 12 NY3d

760).  Further, the record does not support defendant's contention that he was unaware that he agreed to the maximum permissible sentence.  We conclude that "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of representation, reveal that [defense counsel] provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147).  To the extent that defendant contends that he was denied effective assistance of counsel because defense counsel gave him incorrect information and advice in an off-the-record discussion, that contention involves matters outside the record on appeal and must be raised by way of a motion pursuant to CPL article 440 (*see People v Gianni*, 94 AD3d 1477, 1477, *lv denied* 19 NY3d 973; *People v Balenger*, 70 AD3d 1318, 1318, *lv denied* 14 NY3d 885).

Defendant next contends in appeal No. 1 that he was denied the right to be heard and the right to make a statement pursuant to CPL 410.70 before he admitted to the violation of probation.  Defendant failed to preserve that contention for our review (*see Gianni*, 94 AD3d at 1477; *see also People v Randall*, 48 AD3d 1080, 1080; *see generally People v Ebert*, 18 AD3d 963, 964), and in any event defendant's contention is without merit (*see generally People v Oskroba*, 305 NY 113, 117, *rearg denied* 305 NY 696; *People v Matos*, 28 AD3d 1120, 1121-1122).  Thus, we also reject defendant's alternative contention that defense counsel's alleged failure to preserve that issue for our review rendered him ineffective (*see generally People v Bassett*, 55 AD3d 1434, 1438, *lv denied* 11 NY3d 922).

Defendant further contends in appeal No. 1 that the court abused its discretion in failing to order an updated presentence report prior to sentencing him for the violation of probation.  Defendant did not request that the court order an updated presentence report or otherwise object to sentencing in the absence of such a report.  Thus, defendant's contention is not preserved for our review (*see Gianni*, 94 AD3d at 1478; *People v Carey*, 86 AD3d 925, 925, *lv denied* 17 NY3d 814; *People v Obbagy*, 56 AD3d 1223, 1223, *lv denied* 11 NY3d 928; *People v Pomales*, 37 AD3d 1098, 1098, *lv denied* 8 NY3d 949).  In any event, that contention is without merit.  At the time it sentenced defendant on the violation of probation, the court had before it the declaration of delinquency as well as information that defendant had been arrested and was facing new grand larceny charges, which "constituted the functional equivalent of an updated [presentence] report" (*People v Fairman*, 38 AD3d 1346, 1347, *lv denied* 9 NY3d 865 [internal quotation marks omitted]; *see People v Orlowski*, 292 AD2d 819, 819, *lv denied* 98 NY2d 653).  "Further, inasmuch as the same judge presided over both the original proceeding[] and the revocation proceeding[], '[t]he court was fully familiar with any changes in defendant's status, conduct or condition since the original sentencing' " (*Gianni*, 94 AD3d at 1478).

With regard to appeal No. 2, we reject defendant's contention that his waiver of the right to appeal was not knowingly, intelligently, and voluntarily entered (*see generally People v Lopez*, 6 NY3d 248, 256).  We agree with defendant, however, that the court

erred in imposing a surcharge of 10% of the total amount of restitution ordered rather than the surcharge of 5% that is directed by Penal Law § 60.27 (8).  Initially, we note that defendant's valid waiver of the right to appeal does not preclude our review of that issue because "[a] defendant cannot be deemed to have waived his right to be sentenced as provided by law" (*People v Gahrey M.O.*, 231 AD2d 909, 910 [internal quotation marks omitted]; *see People v Watson*, 197 AD2d 880, 880).  Concerning the merits, an additional surcharge of 5% is authorized only "[u]pon the filing of an affidavit of the official or organization designated pursuant to [CPL 420.10 (8)] demonstrating that the actual cost of the collection and administration of restitution . . . in a particular case exceeds 5% of the entire amount of the payment" (Penal Law § 60.27 [8]).  In this case, "the record does not contain such an affidavit, and there is no showing or assertion that one was filed.  Thus, the imposition of the additional 5% surcharge was not authorized," and we therefore modify the judgment in appeal No. 2 accordingly (*Gahrey M.O.*, 231 AD2d at 910).

Finally, with respect to appeal Nos. 1 and 2, defendant contends that the sentences are unduly harsh and severe.  Insofar as defendant's contention relates to the sentence imposed in appeal No. 2, "[d]efendant's valid waiver of the right to appeal encompasses his challenge to the severity of the sentence" (*People v Harris*, 94 AD3d 1484, 1485, *lv denied* 19 NY3d 961; *see Lopez*, 6 NY3d at 255-256; *People v Gordon*, 89 AD3d 1466, 1466, *lv denied* 18 NY3d 957).  The bargained-for sentence in appeal No. 1 is not unduly harsh or severe.

Entered:  December 21, 2012                        Frances E. Cafarell
                                                   Clerk of the Court