# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

572

KA 12-00365

PRESENT: SCUDDER, P.J., SMITH, CENTRA, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ROGER L. HUEBER, DEFENDANT-APPELLANT.

---

PATRICIA M. MCGRATH, LOCKPORT, FOR DEFENDANT-APPELLANT.

ROGER L. HUEBER, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered January 5, 2012. The judgment convicted defendant, upon a nonjury verdict, of failure to register a change of address.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of failure to register a change of address as a sex offender (Correction Law § 168-f [4]), arising from the discovery by members of the Niagara Falls Police Department that no one resided at the address defendant had registered with the Division of Criminal Justice Services. Insofar as defendant contends that Supreme Court's determination after the suppression hearing that he had an expectation of privacy at the registered address rendered the evidence at trial legally insufficient as a matter of law to establish that he failed to "register with the division no later than ten calendar days after any change of address" (*id.*), defendant failed to preserve that contention for our review (*see People v Gray*, 86 NY2d 10, 19). In any event, that contention is without merit because, even accepting that defendant had an expectation of privacy at the registered address, the evidence submitted at trial pursuant to the parties' stipulation is legally sufficient to establish that the house was vacant and defendant was living elsewhere (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant further contends that the court erred in denying his motion to dismiss the indictment because the local sex offender residency ordinances restricting his ability to find housing were preempted by state law or were otherwise unconstitutional. We reject

that contention.  Inasmuch as defendant was charged with and convicted of a violation of Correction Law § 168-f (4) rather than a local ordinance, the local ordinances are not applicable herein.

To the extent that defendant contends in his pro se supplemental brief that defense counsel's failure to preserve certain contentions for our review deprived him of his right to effective assistance of counsel, that contention involves matters outside the record on appeal and must be raised by way of a motion pursuant to CPL article 440 (*see People v Stachnik*, 101 AD3d 1590, 1591, *lv denied* 20 NY3d 1104). Finally, we have reviewed the remaining contentions raised by defendant in his pro se supplemental brief and conclude that they are not preserved for our review (*see generally Gray*, 86 NY2d at 19), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  June 14, 2013                    Frances E. Cafarell
                                           Clerk of the Court