# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

606
KA 12-02069
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

ERIC R. SPANGENBERG, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR
DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL),
FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered April 30, 2012. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment revoking the sentence of probation previously imposed upon his conviction of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]) and imposing a determinate term of imprisonment of two years and 18 months of postrelease supervision, defendant contends that his admission to the violation of probation was involuntary because the transcript of the admission colloquy shows that he was confused with respect to what facts he was admitting. Because defendant did not move on that ground either to withdraw his admission to the violation of probation or to vacate the judgment revoking his sentence of probation, he failed to preserve for our review his challenge to the voluntariness of his admission (*see People v Carncross*, 48 AD3d 1187, 1187, *lv dismissed* 10 NY3d 932, *lv denied* 11 NY3d 830; *People v Barra*, 45 AD3d 1393, 1393-1394, *lv denied* 10 NY3d 761; *People v Fontanez*, 19 AD3d 1070, 1070-1071, *lv denied* 5 NY3d 788). Moreover, the narrow exception to the preservation rule does not apply because defendant did not say anything during the admission colloquy that "cast[] significant doubt upon [his] guilt or otherwise call[ed] into question the voluntariness of the [admission]" (*People v Lopez*, 71 NY2d 662, 666; *see People v Mox*, 84 AD3d 1723, 1724, *affd* 20 NY3d 936). Although defendant refused to admit that he violated the terms and conditions of his probation by committing the new crimes with which he was charged, he admitted without equivocation that he violated such terms and conditions by failing to pay his surcharge and by consuming alcohol

with a friend.

We have examined defendant's remaining contentions and conclude that they lack merit.

Entered:  June 20, 2014                               Frances E. Cafarell
                                                      Clerk of the Court