# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1133

KA 14-00838

PRESENT: SMITH, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

JOHNNY Q. RUSSELL, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------

Appeal from a judgment of the Niagara County Court (Richard C. Kloch, Sr., A.J.), rendered January 10, 2014.  The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed to a determinate term of two years, and as modified the judgment is affirmed.

Memorandum:  Defendant appeals from a judgment revoking the sentence of probation imposed upon his conviction of assault in the second degree (Penal Law § 120.05 [2]) and sentencing him to a determinate term of incarceration of four years, followed by a period of three years of postrelease supervision.  As the People correctly concede, defendant's waiver of the right to appeal at the plea proceeding encompassed the original sentence of probation, but did not encompass the sentence of incarceration imposed following his violation of probation (*see People v Johnson*, 77 AD3d 1441, 1442, *lv denied* 15 NY3d 953).

We agree with defendant that the sentence of incarceration is unduly harsh and severe under the circumstances of this case, and we therefore modify the sentence as a matter of discretion in the interest of justice to a determinate term of imprisonment of two years, followed by a period of three years of postrelease supervision (*see generally* CPL 470.15 [6] [b]).

Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court