# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

508

KA 15-00422

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CAMMESOA M. WILLIAMS, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

NIAGARA COUNTY DISTRICT ATTORNEY'S OFFICE, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered December 10, 2014. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon her conviction of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]) and imposing a determinate term of imprisonment, followed by a period of postrelease supervision. Defendant failed to preserve for our review her contention that her admission to the probation violations was not voluntary inasmuch as she failed "to move to withdraw [her] admission . . . or to vacate the judgment revoking the sentence of probation on that ground" (*People v Rodriguez*, 74 AD3d 1858, 1859, *lv denied* 15 NY3d 809; *see People v Carlisle*, 120 AD3d 1607, 1607, *lv denied* 24 NY3d 1082; *see generally People v Lopez*, 71 NY2d 662, 665-666). This case does not fall within the narrow exception to the preservation doctrine (*see Lopez*, 71 NY2d at 666), and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

Contrary to defendant's further contention, in light of her numerous admitted violations, we conclude that the court did not abuse its discretion in revoking the sentence of probation and imposing a term of imprisonment followed by a period of postrelease supervision (*see e.g. People v White*, 75 AD3d 1003, 1003-1004, *lv denied* 15 NY3d 956). Although we agree with defendant that her waiver of the right to appeal encompasses the sentence of probation but does not encompass

her challenge to the sentence imposed following her violations of probation (*see People v Johnson*, 77 AD3d 1441, 1442, *lv denied* 15 NY3d 953; *People v Dexter*, 71 AD3d 1504, 1504-1505, *lv denied* 14 NY3d 887), we nevertheless reject her contention that the sentence is unduly harsh and severe. We perceive no basis upon which to modify the sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]; *see generally People v Handley*, 134 AD3d 1509, 1510).

Entered: June 17, 2016                     Frances E. Cafarell
                                           Clerk of the Court