# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**419**

**KA 15-00648**

PRESENT: WHALEN, P.J., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

JAMES C. JONES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered January 12, 2015. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking the sentence of probation imposed upon his conviction of driving while intoxicated as a class E felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]), and sentencing him to an indeterminate term of imprisonment of one to three years. We note at the outset that, contrary to the People's contention, defendant's waiver of the right to appeal at the underlying plea proceeding does not preclude our review of his contentions on this appeal following the revocation of his probation (*see generally People v Williams*, 140 AD3d 1749, 1750, *lv denied* 28 NY3d 975; *People v Rodriguez*, 259 AD2d 1040, 1040).

Defendant failed to preserve for our review his contention that County Court erred in failing to order an updated presentence report before sentencing defendant upon his admission to violating probation (*see People v Stachnik*, 101 AD3d 1590, 1592, *lv denied* 20 NY3d 1104). In any event, the court was sufficiently familiar with defendant's status and his conduct while on probation that an updated report was not required to enable it to perform its sentencing function, inasmuch as the court was informed that defendant had pleaded guilty in another county to a new charge of driving while intoxicated committed while he was on probation (*see id.* at 1592; *People v Perry*, 278 AD2d 933, 933, *lv denied* 96 NY2d 866; *cf. People v Klinkowski*, 281 AD2d 972, 973, *lv denied* 96 NY2d 831). We further conclude that defendant was not denied effective assistance of counsel by his attorney's failure to

request an updated presentence report (*see People v Williams*, 114 AD3d 993, 994, *lv denied* 23 NY3d 969; *see generally People v Ward*, 25 AD3d 727, 727, *lv denied* 7 NY3d 764).  Finally, the sentence is not unduly harsh or severe.

Entered:  March 31, 2017                                    Frances E. Cafarell
                                                           Clerk of the Court