People v Jones (2023 NY Slip Op 01452)

People v Jones

2023 NY Slip Op 01452

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND OGDEN, JJ.

1042 KA 18-02103

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRIAN J. JONES, DEFENDANT-APPELLANT. 

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (FABIENNE SANTACROCE OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered April 10, 2018. The judgment revoked defendant's sentence of probation and imposed a sentence of incarceration. 
It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is affirmed.
Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and resisting arrest (§ 205.30) and sentencing him to concurrent terms of incarceration to be followed by a period of postrelease supervision. Defendant contends that County Court erred in failing to order an updated presentence investigation report before sentencing defendant and that the sentence is unduly harsh and severe. The former contention is raised for the first time on appeal and is thus not preserved for our review (see People v Jones, 148 AD3d 1807, 1808 [4th Dept 2017], lv denied 29 NY3d 1082 [2017]; People v Carey, 86 AD3d 925, 925 [4th Dept 2011], lv denied 17 NY3d 814 [2011]). In any event, both contentions have been rendered moot "inasmuch as defendant has already served his sentence" (People v King, 90 AD3d 1533, 1534 [4th Dept 2011], lv denied 18 NY3d 959 [2012]; see People v Swick, 147 AD3d 1346, 1346 [4th Dept 2017], lv denied 29 NY3d 1001 [2017]).
Defendant further contends that he was denied effective assistance of counsel at the violation of probation hearing when defense counsel failed to seek suppression of evidence seized during the execution of a search warrant. The record on appeal, however, contains neither the search warrant nor the search warrant application and, as a result, the claim of ineffective assistance of counsel cannot be resolved without reference to matters outside of the record. Therefore, "a CPL 440.10 proceeding is the appropriate forum for reviewing the . . . claim" (People v Barzee, 204 AD3d 1422, 1423 [4th Dept 2022], lv denied 38 NY3d 1132 [2022] [internal quotation marks omitted]; see People v Green, 196 AD3d 1148, 1150 [4th Dept 2021], lv denied 37 NY3d 1096 [2021], reconsideration denied 37 NY3d 1161 [2022]; see also People v Gianni, 94 AD3d 1477, 1477 [4th Dept 2012], lv denied 19 NY3d 973 [2012]).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court