People v Mendoza (2024 NY Slip Op 50400(U))

[*1]

People v Mendoza (Byron)

2024 NY Slip Op 50400(U)

Decided on March 14, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 14, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2023-191 RO CR

The People of the State of New York, Respondent,
against
Byron Mendoza, Appellant. 

Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Rockland County District Attorney (Meghan Garvey of counsel), for respondent.

Appeal from an amended judgment of the Justice Court of the Village of Spring Valley, Rockland County (David Fried, J.), rendered January 24, 2023. The amended judgment revoked a sentence of probation previously imposed by that court, upon a finding, following a hearing, that defendant had violated a condition thereof, and resentenced defendant to 364 days' imprisonment upon his prior conviction of assault in the third degree.

ORDERED that the amended judgment of conviction is affirmed.
Defendant appeals from an amended judgment rendered January 24, 2023 which, following a hearing, resentenced him to a term of 364 days' incarceration upon his prior conviction of assault in the third degree (Penal Law § 120.00 [1]), based upon a determination that he had violated conditions of his probation by not complying with substance abuse treatment, using alcohol, and getting arrested twice.
Defendant's contention that the court improperly relied on "hearsay court exhibits" in making its finding that defendant had violated conditions of his probation by getting arrested twice is unpreserved for appellate review (see CPL 470.05 [2]). In any event, the contention is without merit. "A hearing on a probation violation is a summary, informal procedure which does not require strict adherence to the rules of evidence" (People v Tyrrell, 101 AD2d 946, 946 [1984]; see People v Herring, 178 AD3d 1073, 1074 [2019]). "Hearsay evidence is admissible [*2]in a probation violation hearing and may be considered along with other evidence, but the court cannot conclude that a defendant violated probation without 'a residuum of competent legal evidence' " (People v DeMoney, 55 AD3d 953, 954 [2008], quoting People v Machia, 96 AD2d 1113, 1114 [1983]). Here, the Justice Court "properly took judicial notice of its own file" (People v Williams, 164 AD3d 845, 845 [2018]) and "its own prior proceedings" (People v Beauvais, 101 AD3d 1488, 1489 [2012]), including the original presentence investigation report, criminal history report, the terms and conditions of probation, subsequent accusatory instruments, the Violation of Probation petition, and an addendum to the Violation of Probation petition (see Herring, 178 AD3d at 1074; Williams, 164 AD3d at 845; Beauvais, 101 AD3d at 1489).
Defendant also failed to preserve for appellate review his contention that the court abused its discretion in resentencing defendant without ordering an updated presentence investigation report (see CPL 470.05 [2]). In any event, that contention is without merit. Only six months had elapsed between the presentence investigation report and imposition of the original sentence in July 2022 and the resentencing in January 2023 (see People v James, 232 AD2d 504 [1996]; People v Roberts, 214 AD2d 592, 593 [1995]). The court also conducted a full revocation hearing, at which a probation officer and defendant himself testified (see People v Gianni, 94 AD3d 1477, 1478 [2012]; People v Allen W., 129 AD2d 867, 868 [1987]). Further, as the same judge presided over both the original proceedings and the revocation proceedings, "[t]he court was 'fully familiar with any changes in defendant's status, conduct or condition' since the original sentencing" (People v Howard, 254 AD2d 701, 701 [1998], quoting People v Reaves, 216 AD2d 945, 945 [1995]; see People v Carey, 86 AD3d 925, 925 [2011]).
Defendant's contention that the sentence imposed was excessive is academic, as defendant has completed his sentence (see People v McLaine, 64 NY2d 934 [1985]).
Accordingly, the amended judgment of conviction is affirmed.
DRISCOLL, J.P., McCORMACK and WALSH, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 14, 2024