■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ROSADO, Appellant.—Appeal by defendant from an amended judgment of the Supreme Court, Kings County, rendered June 23, 1978, which, after a hearing, found him in violation of probation and sentenced him to a term of imprisonment. Amended judgment affirmed. The refusal of Criminal Term to further adjourn the probation revocation hearing pending receipt of the plea minutes of defendant's two New York County convictions did not constitute error under the circumstances herein presented. Defendant's brief on appeal suggests that he *may* not have committed the crimes which underlie the revocation of his probation, that his pleas may have been made "for the sake of expedience and without knowledge * * * that he was leaving himself open for violation of probation." However, when defendant was sentenced on his Kings County plea, the court clearly warned him that if he got into "any trouble" during the term of his probation it would sentence him to a term of imprisonment. Accordingly, defendant must have known of the probable consequences of his subsequent New York County pleas. As to the question of "expedience", "A conviction founded on a plea establishes guilt as surely as one that results from a jury verdict" (cf. *Matter of Cumberland Pharmacy v Blum,* 69 AD2d 903). Thus, the People, by proving the fact of defendant's New York County pleas, made out a prima facie case for revocation of defendant's probation. It was then incumbent upon defendant to, at the least, assert without equivocation that he had pleaded guilty in New York County for reasons other than his actual guilt of the underlying crimes. In the absence of such an assertion, Criminal Term did not abuse its discretion in refusing to wait any longer for the minutes of those pleas. With respect to defendant's allegation that one or both of the New York County pleas were made with the understanding that they could be withdrawn if they led to a charge of violation of probation, it suffices to say that defendant evinced no interest in returning to New York County to withdraw those pleas, although he had ample time to do so. The revocation occurred more than five months after defendant learned of the violation specifications, almost two months after defendant himself requested a hearing on those specifications and after the court twice adjourned the hearing, for a total of more than four weeks, to allow defendant to secure proof on his own behalf. Lastly, it would appear that defendant is not correct when he asserts that he was not given the opportunity to speak on his own behalf at the revocation hearing. Mollen, P. J., Lazer, Gibbons and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SCORZIELLO, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered June 6, 1978, convicting him of attempted criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Pearson,* 62 AD2d 1043; *People v Foster,* 58 AD2d 814). Titone, J. P., Cohalan, Martuscello and O'Connor, JJ., concur.