granted (*see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Ontario County Court, Harvey, J.—Sexual Abuse, 1st Degree.) Present—Denman, P. J., Green, Lawton, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HOLMES, Appellant. [642 NYS2d 133] —Judgment unanimously affirmed. Memorandum: County Court properly revoked the sentence of probation based upon defendant's admitted failure to make timely monthly restitution payments (*see, People v Ray,* 105 AD2d 988). The sentence of two to six years' imprisonment is not unduly harsh or severe.

In his *pro se* supplemental brief, defendant challenges the propriety of the original sentence of probation and the amount of restitution fixed by the court as a condition of that sentence. Those arguments are not properly before us on appeal from the judgment revoking the sentence of probation and resentencing defendant (*see,* CPL 450.30 [3]; *People v Dabbs,* 178 AD2d 848, *lv denied* 79 NY2d 946). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Violation of Probation.) Present—Denman, P. J., Green, Lawton, Balio and Davis, JJ.

■ JAMES D. CROWLEY et al., Respondents, v ANTOINETTE CROWLEY-ERDMANN, Appellant. (Appeal No. 1.) [642 NYS2d 850] —Appeal unanimously dismissed without costs (*see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Cattaraugus County, Francis, J.—Summary Judgment.) Present—Denman, P. J., Green, Lawton, Balio and Davis, JJ.

■ JAMES D. CROWLEY et al., Respondents, v ANTOINETTE CROWLEY-ERDMANN, Appellant. (Appeal No. 2.) [642 NYS2d 851] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Cattaraugus County, Francis, J.—Post-Nuptial Agreement.) Present—Denman, P. J., Green, Lawton, Balio and Davis, JJ.

■ In the Matter of KATHY CLABEAU, Appellant, v DAVID LAUFER, Respondent. [642 NYS2d 135] —Order unanimously reversed on the law without costs and motion denied. Memorandum: Petitioner contends that Family Court abused its discretion in directing her to pay a portion of respondent's attorney's fees. We agree. The record establishes that the court assigned an attorney to represent petitioner because petitioner was "financially unable to obtain counsel". Furthermore, the record shows that respondent voluntarily withdrew violation peti-