■ The People of the State of New York, Respondent, v Frank Parente, Appellant. [771 NYS2d 455]—Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered October 5, 2001. The judgment revoked defendant's probation and imposed a sentence of imprisonment.

It is hereby ordered that said appeal be and the same hereby is unanimously dismissed.

Memorandum: Defendant appeals from a judgment sentencing him to a definite term of incarceration of one year upon a

finding, based on his admission, that he violated the conditions of his probation imposed upon his conviction of criminal trespass in the second degree (Penal Law § 140.15). By this appeal, defendant seeks review of that underlying conviction. However, any contentions relating to the underlying conviction are not properly before this Court "inasmuch as there is no notice of appeal from the original judgment . . . nor is there otherwise any indication in the record that an appeal from that judgment was perfected" (*People v Brown,* 307 AD2d 759, 759 [2003]; *see People v Reddy,* 227 AD2d 961 [1996], *lv denied* 88 NY2d 1024 [1996]; *People v Gavadin,* 219 AD2d 863 [1995], *lv denied* 87 NY2d 901 [1995]; *People v Ferrin,* 197 AD2d 882, 883 [1993], *lv denied* 82 NY2d 849 [1993]). The remaining contention of defendant, as limited by his brief, is that the sentence imposed is harsh and excessive. Because defendant has completed serving that sentence, his appeal is moot (*see People v Griffin,* 239 AD2d 936 [1997]; *see also People v Contrano,* 274 AD2d 760 [2000]). Because there is no recurring issue of public interest that would otherwise escape appellate review, dismissal is appropriate (*see Contrano,* 274 AD2d at 761; *People v Anderson,* 197 AD2d 749 [1993], *lv denied* 82 NY2d 890, 921 [1994]). Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.