■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARDO VILLAR, Appellant. [782 NYS2d 84]—

Judgment, Supreme Court, Bronx County (Patricia Anne Williams, J.), rendered March 9, 2001, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant did not preserve his contention that the sentencing court deprived him of due process when it allegedly refused to allow him to conduct a further investigation into the problems he claimed existed at his drug treatment program (*see People v Battle*, 287 AD2d 361 [2001], *lv denied* 97 NY2d 751 [2002]), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. After defendant, who was required to complete the program as a plea condition, unilaterally left the program and was returned to court on a bench warrant, the court granted adjournments over a six-month period for investigation of defendant's assertion that he was justified in absconding. Defendant had not raised any complaints about the program during his period of attendance, and the investigation failed to substantiate his allegations. Under the circumstances, the court properly imposed a prison sentence, in accordance with the plea agreement, based on defendant's admission that he left the program without permission and failed to inform anyone of his departure (*see People v Smith*, 309 AD2d 599 [2003], *lv denied* 1 NY3d 601 [2004]).

Concur—Tom, J.P., Sullivan, Williams, Friedman and Marlow, JJ.