■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KATHRYN EBERT, Appellant. [794 NYS2d 733]—

Cardona, P.J. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered January 22, 2003, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was convicted, after pleading guilty, of the crime of criminal contempt in the first degree and sentenced to six months of treatment at a drug rehabilitation facility and five years probation. Shortly thereafter defendant refused to enter a half-way house as required by her treatment plan and was arrested after causing a disturbance in a tavern. As a result, defendant was charged in a five-count petition with violating the terms of her probation and pleaded not guilty. County Court, the prosecutor, defendant's attorney and her probation officer attended a violation of probation conference and a hearing date was scheduled. Nine days later, the hearing commenced and defendant requested a new attorney. Defendant complained that she had spoken to her attorney only briefly and did not know about the hearing until the day before. County Court denied defendant's request, but suggested that she could request a recess at any time in which to confer with her attorney. County Court asked her whether she objected to this procedure and defendant said that she did not. The hearing resumed and defendant, her probation officer, treatment counselor, and three

eyewitnesses to the events at the tavern testified. County Court concluded that defendant violated the terms of her probation and sentenced her to a prison term of $1^{1}/_3$ to 4 years.

Defendant's claim that she was denied due process by County Court's failure to adjourn the violation hearing is not preserved for appellate review inasmuch as no request for an adjournment was made and no objection was raised when County Court proceeded with the hearing after defendant complained about her attorney (*see* CPL 470.05 [2]; *People v Barrett*, 231 AD2d 806, 806 [1996]; *People v Torres*, 173 AD2d 977, 977 [1991]). Were we to consider the issue, however, we would find it without merit (*see People v Wade*, 153 AD2d 969, 969 [1989]; *see also People v Rosado*, 74 AD2d 883 [1980]). A probation revocation hearing is a "summary, informal procedure" and "statutory and due process requirements are met so long as defendant is given formal notice of the charges and an opportunity to be heard and to confront the witnesses against [her] through cross-examination" (*People v Tyrrell*, 101 AD2d 946, 946 [1984]; *see* CPL 410.70).

Here, defendant's counsel was given nine days to prepare for the hearing during which he and defendant were given ample opportunity to confer with one another. A review of the record reflects that counsel thoroughly cross-examined each of the witnesses and defendant also testified on her own behalf. Similarly unavailing is defendant's claim that she should have been granted an adjournment to call her boyfriend as a witness as there was no showing that he would have offered relevant testimony (*see People v Hickman*, 177 AD2d 739 [1991], *lv denied* 79 NY2d 920 [1992]). Accordingly, we find no reason to disturb the judgment of conviction.

Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.