■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER SACCO, Appellant. [844 NYS2d 394]—

Appeal by the defendant from an amended judgment of the County Court, Orange County (De Rosa, J.), rendered March 17, 2005, revoking a sentence of probation previously imposed by the same court upon a finding that he violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted use of a child in a sexual performance.

Ordered that the amended judgment is affirmed.

While serving a sentence of probation imposed upon his conviction of attempted use of a child in a sexual performance, the defendant was convicted of driving while impaired in contravention of Vehicle and Traffic Law § 1192 (1). A petition was subsequently filed alleging that the defendant had violated a condition of his probation prohibiting him from committing any additional crimes, offenses, or violations, and a special condition prohibiting him from consuming alcohol. At the ensuing violation hearing, the defendant argued that the special condition relating to alcohol consumption was not actually a term of his probation because it had been stricken by the court at sentencing. The court found that an ambiguity existed as to whether the special condition had indeed been removed from the terms of the defendant's probation, and that it thus could not conclude that he had violated the special condition. However, the court revoked probation in light of the uncontroverted proof that the defendant had violated the condition prohibiting him from committing any additional crimes, offenses, or violations.

On appeal, the defendant contends that his due process rights were violated because the court denied him an adjournment to obtain certain evidence which allegedly would have substantiated his claim that the special condition relating to alcohol consumption was not a term of his probation. However, the court revoked the defendant's probation based solely upon undisputed evidence that he violated a condition thereof by committing an additional crime. Under these circumstances, the due process violations alleged by the defendant did not affect a substantial right (*see* CPL 470.05 [1]) and are academic.

The sentence imposed was not excessive (*see People v Benezra,* 262 AD2d 327 [1999]; *People v Suitte,* 90 AD2d 80 [1982]). Prudenti, P.J., Krausman, Fisher and Dillon, JJ., concur.