■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE POSTULA, Appellant. [856 NYS2d 420]—Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered October 5, 2005. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ordered that said appeal is unanimously dismissed.

Memorandum: Defendant appeals from an October 2005 judgment revoking the sentence of probation imposed upon his plea of guilty of attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65 [2]) and sentencing him to a definite term of incarceration. Although defendant contends that he received ineffective assistance of counsel and that he did not validly waive his right to appeal in connection with the underlying August 2003 judgment of conviction, the record on appeal contains only a notice of appeal from the October 2005 judgment revoking the sentence of probation, and there otherwise is no indication in the record that defendant took an appeal from the August 2003 judgment. Defendant's contentions with respect to the August 2003 judgment therefore are not properly before us, and only defendant's remaining challenge to the severity of the sentence imposed in the October 2005 judgment is properly before us (*see People v Parente*, 4 AD3d 793 [2004]; *People v Holmes*, 226 AD2d 1122 [1996], *lv denied* 88 NY2d 966 [1996]). Contrary to the People's contention, that contention survives defendant's waiver of the right to appeal (*see People v Gurrola*, 43 AD3d 1230 [2007]; *People v Venable*, 16 AD3d 771 [2005]; *People v Cheatham*, 278 AD2d 889 [2000], *lv denied* 96 NY2d 798 [2001]; *People v Rodriguez*, 259 AD2d 1040 [1999]). Nevertheless, defendant's contention is moot because defendant has completed serving that sentence (*see Parente*, 4 AD3d at 794). Present—Scudder, P.J., Hurlbutt, Centra, Green and Gorski, JJ.