THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK ANDERSON, Appellant. [885 NYS2d 553]—Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered September 12, 2006. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ordered that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is otherwise affirmed.

Memorandum: Defendant appeals from a judgment revoking his sentence of probation imposed upon his conviction, following his plea of guilty, of unlawful imprisonment in the second degree (Penal Law § 135.05), and sentencing him to a one-year term of imprisonment. Inasmuch as " 'defendant has completed serving the sentence imposed, his contention that the sentence is unduly harsh and severe has been rendered moot' " (*People v Bald*, 34 AD3d 1362 [2006]). Even assuming, arguendo, that defendant's contention is not moot, "we [would] decline to reduce the sentence to 364 days to enable defendant to avoid deportation" (*People v Soroka*, 28 AD3d 1219, 1220 [2006], *lv denied* 7 NY3d 818 [2006]).

Contrary to defendant's further contention, "[t]he People properly presented the requisite residuum of competent legal evidence and thus met their burden of establishing by a preponderance of the evidence that defendant violated the terms and conditions of his probation" (*People v Van Every*, 26 AD3d 777, 777 [2006] [internal quotation marks omitted]). The contention of defendant that defense counsel was ineffective in failing to object to the condition of his probation requiring sex offender treatment is not properly before us inasmuch as defen-

dant failed to appeal from the underlying judgment of conviction (*see People v Grzywaczewski*, 61 AD3d 699 [2009]; *People v Postula*, 50 AD3d 1581 [2008], *lv denied* 10 NY3d 938 [2008]; *see also People v Satiro*, 28 AD3d 497 [2006]). Finally, we conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defense counsel provided meaningful representation at the probation revocation hearing (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Hurlbutt, J.P., Fahey, Peradotto, Green and Pine, JJ.