# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1451**
**KA 11-00969**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MICHAEL LEGGETT, DEFENDANT-APPELLANT.

---

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered December 2, 2009. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the second degree (Penal Law § 160.10 [1]). Defendant made only a general motion for a trial order of dismissal at the close of the People's case (*see People v Gray*, 86 NY2d 10, 19), and at the close of all the proof (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678), and thus he failed to preserve for our review his contention that the conviction is based upon legally insufficient evidence. In any event, that contention is without merit. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to establish that defendant, acting with his codefendant who was actually present, forcibly stole money from the victim (*see generally People v Danielson*, 9 NY3d 342, 349; *People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crime as charged to the jury (*see Danielson*, 9 NY3d at 349), we further conclude that, although a different result would not have been unreasonable, the jury did not fail to give the conflicting evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495). Here, the issue whether defendant participated in the robbery was based upon the credibility determination of the jury and, upon our independent assessment of the evidence, we conclude that there is no reason to disturb that determination (*see generally People v Delamota*, 18 NY3d 107, 116-117).

Defendant did not object to comments made by the prosecutor during summation and thus also failed to preserve for our review his

contention that he was deprived of a fair trial by those comments (*see* CPL 470.05 [2]; *People v Brown*, 94 AD3d 1461, 1462, *lv denied* 19 NY3d 995).  In any event, we conclude that the remarks were within the broad bounds of permissible rhetorical comment (*see Brown*, 94 AD3d at 1462).

We reject defendant's contention that County Court abused its discretion with respect to its *Sandoval* determination (*see People v Thomas*, 96 AD3d 1670, *lv denied* 19 NY3d 1002).  The court imposed the minimum term of incarceration allowed (*see* Penal Law § 70.06 [6] [b]), and thus defendant's contention that the term of incarceration imposed is unduly harsh and severe is without merit.  Finally, to the extent that defendant contends that the period of postrelease supervision imposed is unduly harsh and severe, we decline to exercise our power to modify that portion of the sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court