# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**4**
**KA 11-00932**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

CHARLES M. WINTERS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered March 31, 2011. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated as a class D felony.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his guilty plea, of driving while intoxicated as a class D felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]), defendant contends that his purported waiver of the right to appeal is unenforceable and that his sentence of nine months in jail and five years' probation is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal is unenforceable, we perceive no basis upon which to modify the sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]; *People v Leggett*, 101 AD3d 1694, 1694). Defendant has now been convicted of felony driving while intoxicated four times, and prior sentences of probation have not been successful in deterring him from drinking and driving. In this case, defendant's vehicle almost struck a police car, forcing the officer to drive off the roadway. Under the circumstances, and considering that defendant could have been sentenced to an indeterminate term of imprisonment of two to six years, the agreed-upon sentence should not be disturbed.

Entered: February 8, 2013                        Frances E. Cafarell
                                                 Clerk of the Court