# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1271**
**KA 14-01061**
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                      MEMORANDUM AND ORDER

DWAYNE HANDLEY, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

DWAYNE HANDLEY, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered April 8, 2014. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]) and sentencing him to a determinate term of imprisonment of seven years plus three years of postrelease supervision. We reject defendant's contention that the sentence is unduly harsh and severe. Although defendant was sentenced to the maximum sentence permitted by law and has a minimal criminal history, he repeatedly fired a gun at another person, and one of the errant bullets went through the window of a nearby home. Moreover, shortly after being placed on probation, defendant essentially ignored all of the terms and conditions of probation and then absconded for the next year and a half. Under the circumstances, we perceive no basis upon which to modify the sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]; *see generally People v Leggett*, 101 AD3d 1694, 1695, *lv denied* 20 NY3d 1101).

Defendant's contentions in his pro se supplemental brief that his plea was involuntarily entered and that he was deprived of effective assistance of counsel at the time of the plea are not properly before us. The only notice of appeal in the record is from the judgment entered upon sentencing for the violation of probation, and there is

no notice of appeal from the underlying judgment of conviction (*see People v Postula*, 50 AD3d 1581, 1581, *lv denied* 10 NY3d 938; *People v Parente*, 4 AD3d 793, 793-794).