Same memorandum as in *People v Harris* ([appeal No. 4] 147 AD3d 1375 [2017]). Present—Peradotto, J.P., Carni, DeJoseph, NeMoyer and Curran, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH HARRIS, Appellant. (Appeal No. 3.) [45 NYS3d 847]— Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), entered July 2, 2014. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ordered that said appeal is unanimously dismissed.

Same memorandum as in *People v Harris* ([appeal No. 4] 147 AD3d 1375 [2017]). Present—Peradotto, J.P., Carni, DeJoseph, NeMoyer and Curran, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH HARRIS, Appellant. (Appeal No. 4.) [47 NYS3d 540]—

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), entered July 2, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by directing that the sentence shall run concurrently with the sentences imposed for the violation of probation convictions under indictment Nos. 2013-

01024I and 2013-1025I and as modified the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of falsely reporting an incident in the third degree (Penal Law § 240.50 [3] [a]). In appeal No. 2, defendant appeals from a judgment revoking his sentence of probation imposed upon his conviction, following his plea of guilty, of criminal contempt in the second degree (§ 215.50 [3]), and sentencing him to a term of imprisonment. In appeal No. 3, defendant appeals from a judgment revoking his sentence of probation imposed upon his conviction, following his plea of guilty, of criminal contempt in the second degree (§ 215.50 [3]), and sentencing him to a term of imprisonment. In appeal No. 4, defendant appeals from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (§ 215.51 [c]). Defendant pleaded guilty to the respective crimes and violations of probation in one plea proceeding.

Inasmuch as defendant has completed serving the sentences imposed in appeal Nos. 1 through 3, his contention in each appeal that the sentence is unduly harsh and severe has been rendered moot (see People v Anderson, 66 AD3d 1431, 1431 [2009], lv denied 13 NY3d 905 [2009]).

We reject defendant's contention in appeal No. 4 that his waiver of the right to appeal is invalid. Supreme Court advised defendant of the maximum sentences that could be imposed on each conviction (see People v Lococo, 92 NY2d 825, 827 [1998]), and the record, which includes an oral and written waiver of the right to appeal, establishes that defendant understood that he was waiving his right to appeal both the conviction and the sentence in each appeal. We thus conclude that the waiver of the right to appeal was knowing, intelligent, and voluntary (see People v Lopez, 6 NY3d 248, 256 [2006]), and that valid waiver encompasses defendant's contention concerning the severity of the sentence imposed in appeal No. 4 (see id. at 256).

Nonetheless, we conclude that the court erred in directing that the definite sentences imposed in appeal Nos. 2 and 3 run consecutively to the 2 to 4 year indeterminate sentence imposed in appeal No. 4 (see Penal Law § 70.35; People v Morris, 101 AD3d 1631, 1632 [2012], lv denied 21 NY3d 1007 [2013], reconsideration denied 21 NY3d 1075 [2013]). "Although this issue was not raised before the [sentencing] court or on appeal, we cannot allow an [illegal] sentence to stand" (People v Price, 140 AD2d 927, 928 [1988]). We therefore modify the judgment in appeal No. 4 by directing that the indeterminate sentence

imposed therein shall run concurrently with the definite sentences imposed in appeal Nos. 2 and 3. Present—Peradotto, J.P., Carni, DeJoseph, NeMoyer and Curran, JJ.