# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

96
KA 11-02373
PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

DONALD SWICK, DEFENDANT-APPELLANT.

---

JEANNIE D. MICHALSKI, CONFLICT DEFENDER, GENESEO, FOR
DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Robert B.
Wiggins, J.), rendered July 26, 2011. The judgment revoked
defendant's sentence of probation and imposed a sentence of
imprisonment.

It is hereby ORDERED that said appeal from the judgment insofar
as it imposed sentence is unanimously dismissed and the judgment is
affirmed.

Memorandum: Defendant appeals from a judgment revoking his
sentence of probation imposed upon his conviction, following his plea
of guilty, of attempted use of a child in a sexual performance (Penal
Law §§ 110.00, 263.05), and imposing a sentence of imprisonment.
"Inasmuch as defendant has completed serving the sentence imposed, his
contention that the sentence is unduly harsh and severe has been
rendered moot" (*People v Anderson*, 66 AD3d 1431, 1431, *lv denied* 13
NY3d 905 [internal quotation marks omitted]; *see People v Benson*, 6
AD3d 1173, 1173, *lv denied* 3 NY3d 636).

Defendant further contends that County Court violated his due
process rights by revoking his probationary sentence based on a de
minimis violation of the terms and conditions of probation. At no
time during the probation revocation proceedings did defendant raise
any challenge to the allegedly "de minimis" nature of the violation or
raise any due process challenge to the proceeding. We thus conclude
that defendant's contention is not preserved for our review (*see
People v Ebert*, 18 AD3d 963, 964; *People v Villar*, 10 AD3d 564, 564,
*lv denied* 3 NY3d 761; *see generally* CPL 470.05 [2]). In any event, we
conclude that defendant's admitted "violation of probation was
[neither] de minimis nor a mere technicality" (*People v Cummings*, 134
AD3d 1566, 1566, *lv denied* 27 NY3d 995; *see People v Burton*, 234 AD2d

972, 973, *lv denied* 89 NY2d 1033).

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court