Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered July 26, 2011. The judgment revoked defendant’s sentence of probation and imposed a sentence of imprisonment.
It is hereby ordered that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is affirmed.
Memorandum: Defendant appeals from a judgment revoking his sentence of probation imposed upon his conviction, following his plea of guilty, of attempted use of a child in a sexual performance (Penal Law §§ 110.00, 263.05), and imposing a sentence of imprisonment. “Inasmuch as defendant has completed serving the sentence imposed, his contention that the sentence is unduly harsh and severe has been rendered moot” (People v Anderson, 66 AD3d 1431, 1431 [2009], lv denied 13 NY3d 905 [2009] [internal quotation marks omitted]; see People v Benson, 6 AD3d 1173, 1173 [2004], lv denied 3 NY3d 636 [2004]).
Defendant further contends that County Court violated his due process rights by revoking his probationary sentence based on a de minimis violation of the terms and conditions of probation. At no time during the probation revocation proceedings did defendant raise any challenge to the allegedly “de minimis” nature of the violation or raise any due process challenge to the proceeding. We thus conclude that defendant’s contention is not preserved for our review (see People v Ebert, 18 AD3d 963, 964 [2005]; People v Villar, 10 AD3d 564, 564 [2004], lv denied 3 NY3d 761 [2004]; see generally CPL 470.05 [2]). In any event, we conclude that defendant’s admitted “violation of probation was [neither] de minimis nor a mere technicality” (People v Cummings, 134 AD3d 1566, 1566 [2015], lv denied 27 NY3d 995 [2016]; see People v Burton, 234 AD2d 972, 973 [1996], lv denied 89 NY2d 1033 [1997]).
Present — Centra, J.P., Lindley, NeMoyer, Curran and Troutman, JJ.