People v Dorsey (2022 NY Slip Op 50301(U))

[*1]

People v Dorsey (Robert)

2022 NY Slip Op 50301(U) [74 Misc 3d 137(A)]

Decided on April 1, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 1, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHEREE A. BUGGS,
JJ

2020-309 K CR

The People of the State of New York,
Respondent,
against
Robert Dorsey, Appellant. 

Appellate Advocates (Benjamin Welikson of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Ruth E. Ross and Melissa Wachs of counsel),
for respondent.

Appeal from an amended judgment of the Criminal Court of the City of New York, Kings
County (Joseph McCormack, J.), rendered January 13, 2020. The amended judgment, after a
hearing, revoked a sentence of a conditional discharge previously imposed by that court, upon a
finding that defendant had violated a condition thereof, and resentenced defendant to four
months' imprisonment upon his previous conviction, upon a guilty plea, of reckless
endangerment in the second degree and aggravated unlicensed operation of a motor vehicle in the
third degree.

ORDERED that the amended judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with, among other things, reckless
endangerment in the second degree (Penal Law § 120.20) and aggravated unlicensed
operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]). On
February 27, 2019, upon granting a motion by the People, the court consolidated this matter with
two other matters involving similar charges against defendant. As part of a global agreement
covering all three consolidated matters, on May 8, 2019, defendant pleaded guilty to reckless
endangerment in the second degree and aggravated unlicensed operation of a motor vehicle in the
third degree in exchange for a promised sentence of a conditional discharge, a condition of which
was the completion of treatment at Treatment Alternatives for Safer Communities (TASC), with
a one-year jail alternative if defendant did not complete the TASC program. The court also
informed defendant that, under the conditional discharge, he could not get rearrested. At that
same [*2]proceeding, the court sentenced defendant as promised.

At a subsequent appearance, the prosecutor informed the court that defendant had tested
positive for marihuana five times, had been arrested again and charged with reckless driving and
aggravated unlicensed operation of a motor vehicle in the second and third degrees, and that,
consequently, defendant had violated a condition of his conditional discharge. The court
indicated that it would conduct a violation of conditional discharge hearing. Defense counsel
requested an adjournment, which request was granted. At the next court appearance, the
prosecutor indicated that the People's witnesses were not available for the hearing and, despite
defense counsel's insistence on conducting the hearing, the court stated that it was not ready and
adjourned the hearing. At the following appearance, on December 3, 2019, the court stated that
the first issue at the hearing would be defendant's new arrest. Defense counsel informed the court
that he was not ready for the hearing and requested a further adjournment for various reasons,
including that he had not been provided with a declaration of delinquency, as required by CPL
410.30. The court responded that it had orally notified the parties of the violations at prior
appearances and, since defense counsel also represented defendant on the new arrest, he had all
the details pertaining to that matter. Nonetheless, the court stated it would "second-call" the case
so as to allow the People time to prepare a written declaration of delinquency. In the declaration
of delinquency, the People alleged that defendant had violated his conditional discharge by
testing positive for marihuana and by committing additional criminal offenses. Upon a recall of
the case, defense counsel again requested an adjournment of the hearing so as to prepare a
defense. The court responded that it had already provided defendant with an adjournment and
denied this additional request; however, the court adjourned the matter to the next day so as to
allow the People's witnesses to appear and testify.
On December 4, 2019, the hearing was conducted. Defense counsel refused to cross-examine
the People's witnesses and argued that it was fundamentally unfair for the court to have granted
the People multiple adjournments but deny his requests. After the People rested, the court
adjourned the hearing to December 16, 2019 so as to allow defense counsel time to present
evidence and further arguments. On that date, after defendant rested his case without presenting
any evidence, the court ruled that the People had failed to prove the first alleged violation, i.e.,
that defendant had tested positive for marihuana, but that they did prove the second violation,
i.e., that defendant had been arrested again and charged with reckless driving and aggravated
unlicensed operation of a motor vehicle in the second and third degrees. On January 13, 2020, the
court revoked defendant's conditional discharge and resentenced him to four months'
imprisonment.
It is well settled that the decision whether to grant or to refuse an adjournment for any
purpose is a matter of discretion for the trial court (see People v Lashway, 25 NY3d 478,
484 [2015]; People v Recor, 87 NY2d 933 [1996]; People v Spears, 64 NY2d
698, 699 [1984]; People v Singleton, 41 NY2d 402, 405 [1977]). However, an abuse or
improvident exercise of discretion may occur where the refusal to grant an adjournment results in
the deprivation of a defendant's fundamental rights (see Spears, 64 NY2d at 700;
People v Foy, 32 NY2d 473, 476-4[*3]78 [1973]).
Pursuant to CPL 410.70 (1), a court may not revoke a sentence of conditional discharge unless
"(a) the court has found that the defendant has violated a condition of the sentence and (b) the
defendant has had an opportunity to be heard." The defendant is entitled to a hearing after the
court has filed a declaration of delinquency (see CPL 410.30, 410.70 [2]). Additionally,
pursuant to CPL 410.70 (2), prior to the commencement of a violation hearing, "upon request,
the court must grant a reasonable adjournment to the defendant to enable him [or her] to prepare
for the hearing." CPL 410.70 (3) further provides that a hearing on the violation must be a
summary one by the court, which may receive any relevant evidence not legally privileged; that
the defendant may cross-examine witnesses and may present evidence on his or her own behalf;
and that a finding that the defendant had violated a condition of his or her sentence must be based
upon a preponderance of the evidence. Thus, due process requirements are met so long as the
defendant is given formal notice of the charges, an opportunity to be heard, and an initial
adjournment of the hearing upon the defendant's request (see CPL 410.30, 410.70 [1],
[3]; Black v Romano, 471 US 606, 610-612 [1985]; Gagnon v Scarpelli, 411 US
778 [1973]; People v Oskroba, 305 NY 113 [1953]; People v Ebert, 18 AD3d 963 [2005]).
Here, under the particular circumstances presented, we conclude that the court satisfied the
requirements of CPL 410.30 and 410.70 (see Black v Romano, 471 US at 611-612;
Oskroba, 305 NY at 117; Ebert, 18 AD3d 963). To the extent the court failed to grant
all of defense counsel's requests for adjournments, we find that the court was within its discretion
to deny those requests (see Recor, 87 NY2d at 934; People v Sacco, 44 AD3d 1076 [2007]; Ebert, 18 AD3d
963; People v Rosado, 74 AD2d 883 [1980]). 
Accordingly, the amended judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 1, 2022